ROBERT D. BASS, ESQ. (State Bar No. 60528)
rbass@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Defendant/Debtor
Brian J. Cook

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re

BRIAN J. COOK and VICTORIA VELASQUEZ COOK,

　　　　　Debtor.

ED FRANOWICZ, an individual,

　　　　　Plaintiff,

v.

BRIAN J. COOK, an individual,

　　　　　Defendant.

AND RELATED CROSS-COMPLAINT.

Case No.: 2:15-bk-10768-RK

Adv. No.: 2:15-ap-01544-RK

(Chapter 11)

**OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

Date:　　November 3, 2015
Time:　　3:00 p.m.
Ctrm:　　"1675"

///

///

///

///

1

1231073.1 -- 31839.0002

# I.

## **INTRODUCTION**

Plaintiffs' motion to enjoin a 60 day notice is completely meritless and should be denied as a matter of law for the following reasons.

1. Plaintiffs have not, and cannot, show that they are likely to prevail on the merits of their newly-filed Adversary Action seeking injunctive relief. Plaintiffs have not, and cannot, show that there is anything retaliatory about the 60 day notice.

2. The merits of Plaintiffs' other actions are not applicable as injunctive relief is not sought in those actions. Even if they were relevant, Plaintiffs cannot show that they are likely to prevail as to those actions either.

3. The balancing of harms favors Debtors in that they should not be thwarted in their attempts to reorganize and bring in more money to the estate for the benefit of all creditors. Plaintiffs' claimed harm in losing their possessory interest is illusory in light of Debtors' pending motion to reject the contract which Plaintiffs all but admit will leave them solely with a monetary claim.

4. The "public interest" favors Debtors because allowing Debtors to conduct business by evicting the current tenants will allow Debtors to bring in substantially more funds for the benefit of the entire estate.

5. This Court should not interfere with the state court proceedings.

Moreover, many of the factual assertions in Plaintiffs' motion are just plain wrong, but for purposes of brevity, suffice it to say that Debtors do not agree with the facts as asserted by Plaintiffs. As just one example, Franowicz was late on his rent many times, and only paid his rent because he had received three-day notices to pay or quit.

Plaintiffs are doing everything possible to derail the Cooks' attempt at reorganization, including pursuing *three* adverse proceedings against Debtors all arising from a lapsed contract to purchase the Hermosa property. Plaintiffs' motion is a convoluted presentation of irrelevant and misstated facts designed to dupe this Court into preventing the Debtors from moving forward on their plan to reorganize. The Court should see the motion for what it is,

and deny it outright in order that the Cooks can have a fair shake at reorganization.

## II.

## COUNTER-STATEMENT OF FACTS

Franowicz had an option to purchase the Hermosa property in 2012, but Franowicz was unable to obtain financing to close the deal. Cook and his advisers attempted to help Franowicz obtain financing to no avail (thereby disputing and dispelling Franowicz's adverse proceeding accusing Cook of having entered into an agreement with no intent to perform.)

The option expired unexercised as the time within which to close the deal passed without Franowicz obtaining a written extension of the closing date. If Franowicz has any cause of action at all, it would be against his advisers for failing to obtain appropriate extensions of the closing date in compliance with the statute of frauds.

## III.

## FRANOWICZ'S MOTION IS BROUGHT BEFORE THE WRONG COURT AND IS AN UNAUTHORIZED ATTEMPT TO ENJOIN STATE COURT PROCEEDINGS

"Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the U.S. Supreme Court]." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743 (1970). Debtors in possession are allowed to continue operating their business during the course of a Chapter 11 proceeding, and sending a notice of termination of a tenancy is part of that course of business. If Franowicz wants to object to the 60 day notice, he should do so in the state courts, and not in this bankruptcy proceeding. This court should abstain from hearing the motion.

1231073.1 -- 31839.0002

IV.

## FRANOWICZ HAS NOT MET HIS BURDEN OF DEMONSTRATING CAUSE TO OBTAIN AN INJUNCTION

The basis for injunctive relief is irreparable injury and the inadequacy of legal remedies. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982); *Stanley v. University of Southern Calif.*, 13 F. 3d 1313, 1320 (9th Cir. 1994). An injunction never issues as a matter of course. Instead, the court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. *Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 542 (1987); *Dogloo, Inc. v. Doskocil Mfg. Co., Inc.*, 893 F. Supp. 911, 917 (C.D. Ca. 1995). Moreover, a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 366 (2008); *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

In addition to the requirements for equitable relief generally, under the traditional test, a plaintiff seeking a preliminary injunction "must establish" each of the following four elements: (1) "that he is likely to succeed on the merits;" (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008).[1]

    A.    **Plaintiffs cannot show they are likely to prevail on the merits.**

Regardless of which formulation of the test is applied, to obtain a preliminary injunction, plaintiffs must show that they are "likely" to prevail on the merits. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008).

---

[1] Some Courts allow an alternative test which allows preliminary injunctive relief upon a showing of either a combination of probable success on the merits and the possibility of irreparable injury if injunctive relief is denied; or the likelihood of success was such that "serious questions going to the merits were raised and the balance of hardships tipped sharply in plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F. 3 d 1127, 1131-1132 (9th Cir. 2011).

1231073.1 -- 31839.0002

### 1. Plaintiffs cannot show they are likely to prevail on the merits of their recently-filed adverse action seeking injunctive relief.

Plaintiffs seek an injunction in connection with their recently-filed adverse action claiming that the 60-day notice to evict is retaliatory. Accordingly, Plaintiffs must prove they are likely to succeed as to that action, and not the myriad of other adverse actions they have also filed.

The entirety of Plaintiffs' case boils down to one issue, whether Plaintiff can prove that the 60-day notice served in September 2015 was retaliatory. Plaintiffs have not, and cannot show they are likely to prevail on that issue.

California Civil Code section 1942.5(a) says that a landlord may not recover possession of the dwelling in any action or proceeding because of a tenant's exercise of rights related to the rental within 180 days of the protected acts. The so-called "protective acts" took place in 2013, whereas the 60 day notice was served in September 2015. Plaintiffs' retaliatory eviction complaint is frivolous, at best.

The Cooks are well within their rights to have served a notice to terminate the tenancy at any time after December 2012 which the parties' 12 month lease contract expired, and by its terms the lease converted to a month-to-month tenancy. Yet, rather than doing so, the Debtors simply served 3 day notices to quit or pay rent time after time after time when Franowicz mis-delivered or was late on his rent. There is no basis from which to assert that a notice of termination of tenancy served in September 2015 is in any way retaliatory. Plaintiffs cannot meet their burden of showing they are likely to prevail.

### 2. The merits as to the Franowicz Action are not relevant as that action does not seek injunctive relief.

The Franowicz's Action seeks specific performance and damages. It does not seek either preliminary or permanent injunctive relief. Thus, Plaintiffs' arguments as to whether they are likely to succeed as to that action are completely off point and cannot be considered in connection with the pending motion.

5

1231073.1 -- 31839.0002

In any event, Plaintiffs are not likely to succeed as to that action. The contract for sale of the Hermosa property provides a closing date in 2012, and states that time is of the essence. The statute of frauds prevents a continuance of the closing date without an agreement in writing signed by the parties. Franowicz failed to close within the time period and failed to obtain a continuance in writing as is required by the statute of frauds. To the extent Franowicz has any action, it would be against his real estate professionals, but not against Debtors.

### 3. This Court must allow Cook to reject the contract as Cook has shown that he exercised his business judgment in good faith.

The Ninth Circuit has explained that the bankruptcy court "should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be 'advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" *In re Pomona Valley Med. Grp., Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (citations omitted). Cook incorporates by this reference his arguments and evidence in support of his motion to reject as if set forth fully herein. Given the plain language of section 365(a), and the pronouncements of the Ninth Circuit as to the ground rules for deciding such motions, Franowicz is not at all likely to defeat the Debtors' motion to reject the contract.

### B. The balancing of harms favor Debtors

Before a preliminary injunction may issue, the court must identify the harm that a preliminary injunction might cause the defendant and weigh it against plaintiff's threatened injury. "[T]he real issue in this regard is the degree of harm that will be suffered by the plaintiff or the defendant if the injunction is improperly granted or denied." *Scotts Co. v. United Industries Corp.*, 315 F. 3d 264, 284 (4th Cir. 2002). Where, as here, the harm likely to be suffered by defendant substantially outweighs the injury threatened by defendant's conduct, plaintiff must make a stronger showing of likely success on the merits. *MacDonald v. Chicago Park Dist.*, 132 F. 3d 355, 357 (7th Cir. 1997). In assessing the relative hardships to each party, the court must consider the impact the injunction may have on the respective

parties, which may include the relative size of the parties. *Sardi's Restaurant Corp. v. Sardie*, 755 F.2 d 719, 726 (preliminary injunction against use of "Sardi's" denied because established restaurant less likely to be adversely impacted by identity problem than new restaurant).

Plaintiffs have demonstrated virtually unlimited assets expended in this bankruptcy litigation and related state court litigation. Debtors on the other hand have limited resources. Plaintiffs have virtually acknowledged that the most they can hope to obtain are *monetary damages* for the rejection of the purchase contract. This Court should not be swayed by Plaintiffs' argument that the dispossession of real property rights entitles plaintiffs to injunctive relief when it was Plaintiffs who urged this Court to delay making a resolution of Debtors' motion to reject the contract. Plaintiffs cannot have it both ways. Having successfully convinced this Court to delay ruling on Debtors' motion to reject, Plaintiffs should not be allowed to use that delay to their advantage at the express disadvantage of the Debtors and other unsecured creditors of the estate.

C. **The balancing of the public interest also favor Debtors**

In exercising their sound discretion, courts of equity "pay particular regard for the public consequences in employing the extraordinary remedy of injunctions." *Winter, supra*, 555 U.S. at 24. The "public interest" inquiry generally addresses the impact upon nonparties of granting or withholding injunctive relief. *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F. 3d 756, 766 (9th Cir. 2014) (public interest element "deserves special attention in cases where the public interest may be affected").

Here, allowing the eviction to take place will benefit the other unsecured creditors of Debtors' estate as Cook will be able to maximize the rent monies coming into the estate for the benefit of all unsecured creditors. The amount of rent Franowicz has been paying is far below the market rent, and woefully insufficient to cover the costs of the property. *See generally* Cook's Motion to Reject Contract, pending before this Court. The interests of

those other than Franowicz and Cook strongly favors denying the request for injunctive relief.

V.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for preliminary injunction should be denied, and this Court grant such other and further relief as it deems just and proper.

DATED: October 20, 2015

Respectfully submitted,

GREENBERG & BASS LLP

By: _____
ROBERT D. BASS
Attorneys for Defendant/Debtor
Brian J. Cook

1231073.1 -- 31839.0002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

16000 Ventura Blvd., Ste. 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled (specify): **OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) October 20, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

James Andrew Hinds    jhinds@jhindslaw.com, zbilowit@jhindslaw.com
Paul R Shankman    pshankman@jhindslaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Barouir B Yeretzian    byeretzian@jhindslaw.com, yeretzian@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) October 20, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Theresa J. Macellaro, Esq.
124 Brooks Ave.
Venice, CA 90291-3214

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) October 20, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Robert Kwan
U. S Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street, Suite 1682
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 20, 2015 | Moran Kerpik | |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**
1231083.1 -- 31839.0002